**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| JUXTACOMM-TEXAS SOFTWARE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LANIER PARKING SYSTEMS OF | ) |
| VIRGINIA, INC., HINES RIVERFRONT | ) |
| PLAZA, LP, FIRST STATES INVESTORS | ) |
| 3500 LLC, JAMES CENTER PROPERTY | ) |
| LLC, DOMINION TOWER FINANCIAL | ) |
| ASSOCIATES LLC, DIRECT INVEST-500 | ) |
| EAST MAIN, LLC, and | ) |
| FIRST TOWER ASSOCIATES LP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 3:11-cv-299-JRS

**JURY TRIAL DEMANDED**

**PLAINTIFF'S OPPOSITION TO DEFENDANT LANIER PARKING SYSTEMS OF
VIRGINIA, INC.'S MOTION TO LIFT STAY FOR LIMITED PURPOSE
OF GRANTING LEAVE TO FILE AMENDED ANSWER AND ENTERING A
JUDGMENT BASED ON COLLATERAL ESTOPPEL**

Plaintiff JuxtaComm-Texas Software, LLC ("JuxtaComm") does not oppose lifting the

over 19-month stay of this lawsuit.  The sole basis for the stay is no longer an impediment, and

JuxtaComm is ready to complete discovery and proceed to trial.  Lanier requested the stay for

one reason only, to await the outcome of an *ex parte* reexamination challenge against U.S. Patent

No. 6,195,662 ("the '662 patent") before the United States Patent and Trademark Office.  The

reexamination was decided in JuxtaComm's favor.  Therefore, it is only fair and just to require

the Defendants to finally answer for their respective misdeeds.

Despite its agreement regarding a lifting of the stay, JuxtaComm vehemently opposes

Defendant Lanier Parking Systems of Virginia, Inc.'s ("Lanier") motion to amend its Answer to

add a collateral estoppel defense and for judgment on the pleadings or in the alternative, summary judgment ("Motion to Amend").[1]   There is no basis for granting this relief.  The alleged collateral estoppel defense fails as a matter of law.  Thus, any amendment to Lanier's answer would be futile and will not support the additional relief that Lanier seeks.

## I.      STATEMENT OF DISPUTED FACTS

1.      Defendants are infringing the '662 patent.

2.      Lanier moved to stay this litigation only to await the outcome of a pending invalidity challenge against the '662 patent in an *ex parte* reexamination proceeding before the Patent Office.  Dkt. No. 40 at 10.

3.      On June 5, 2012, the Eastern District of Texas ("the Texas Court") issued a judgment finding the claims of the '662 patent invalid for indefiniteness.  *JuxtaComm Texas Software, LLC v. Axway, Inc. et al*., No. 6:10-cv-00011, Dkt. No. 1085 (E.D. Tex.) [hereinafter *JuxtaComm Texas*].  The judgment relied on an erroneous claims construction (*Id*. at Dkt. No. 1005), which in turn resulted in an erroneous invalidity ruling of the '662 patent (*Id.* at Dkt. No. 1079), and JuxtaComm was not afforded a full and fair opportunity to litigate invalidity in the Texas Court.

4.      There is a substantial likelihood that the summary judgment ruling in *JuxtaComm Texas* will be reversed.

5.      JuxtaComm continues to suffer damages from Defendants' infringement of the '662 patent.

---

[1]      Defendants Hines Riverfront Plaza LP, FirstStates Investors 3500 LLC, James Center Property LLC, Dominion Tower Financial Associates LLC, Direct Invest-500 East Main, LLC, and First Tower Associates LP joined Lanier's motion to lift the stay.  *See* Dkt. Nos. 87-91.

## II.    COLLATERAL ESTOPPEL IS INAPPLICABLE HERE TO BAR ASSERTION OF THE '662 PATENT

Lanier's Motion to Amend fails as a matter of law because the Texas Court's judgment cannot be accorded collateral estoppel effect.  This Circuit has five requirements for collateral estoppel to apply: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum.  *Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 224 (4th Cir. 1998); *see RF Del., Inc. v. Pac. Keystone Tech., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003) (collateral estoppel is procedural issue governed by regional circuit law).  As the party seeking to evoke collateral estoppel, Lanier bears the burden of proving all the necessary elements.  *RF Del.*, 326 F.3d at 1261.  Lanier cannot meet that burden because the Texas Court's procedures did not afford JuxtaComm a full and fair opportunity to litigate the invalidity of the '662 patent, there is a substantial likelihood of reversal of the Texas Court's judgment by the Federal Circuit, there are two conflicting prior adjudications of patent validity.

### A.    Background on the Texas Court Proceedings

In 2010, JuxtaComm filed suit in the Texas Court against various defendants alleging infringement of the '662 patent. *See* TX Complaint.  The Texas Court's Scheduling Order required the defendants to file their claim construction briefs and any briefs on the issue of indefiniteness of the claim language by April 2011.   *JuxtaComm Texas*, Dkt. No. 289 at 3. By doing so, arguments regarding indefiniteness and claim construction were to be considered *concurrently* during the *Markman* hearing. *See id.* (scheduling a "*Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:30 a.m." on May 26, 2011).

Although indefiniteness was to be considered in conjunction with claim construction under the Texas Court's Scheduling Order, no defendant raised indefiniteness until many months after all claim construction disputes had been submitted to the district court for decision. After the court issued its *Markman* order on December 2, 2011, the Court permitted briefing "regarding the discrete issue of invalidity pursuant to 35 U.S.C § 112, ¶ 2." *Id.*, Dkt. No. 1079 at 2.

In its *Markman* Order, the district court did not address indefiniteness, since the issue had not been raised. It did, however, apply an incorrect legal standard to resolve the claim construction dispute. Instead of construing the disputed claim term in light of the surrounding claim language and specification—as required under *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc)—the Texas Court conducted its analysis in vacuum. JuxtaComm demonstrated a correct interpretation of the claim language through numerous citations to the surrounding claim language, the figures, and the written description. *JuxtaComm Texas*, Dkt. No. 516. JuxtaComm also supported its reading with expert testimony in the form of declarations. *Id.*, Dkt. No. 476 at Ex. E; Dkt. No. 516 at Ex. D. But the Texas Court refused to consider this evidence. Indeed, the Texas Court's *Markman* ruling does not reference any portions of the surrounding claim language, specification, or JuxtaComm's expert testimony. *See id.*, Dkt. No. 1005.

After the Texas Court issued its isolationist construction of the disputed claim language, the Texas defendants moved for summary judgment of indefiniteness under the "applicant regards as his invention" prong of § 112, ¶ 2. JuxtaComm opposed the summary judgment motion with expert testimony demonstrating that, even under the Texas Court's construction, the specification could be reconciled with the claims. *Id.*, Dkt. No. 1058 at Ex. D. The Texas Court, however, ignored JuxtaComm's expert testimony once again.

Following oral argument—but not an evidentiary hearing—the Texas Court ruled that the '662 patent claims at issue were invalid for indefiniteness. *Id.* Dkt. No. 1079 at 12-13. In a bizarre twist, the Texas Court found that its own claim construction was not supported by the specification (something that JuxtaComm had argued all along during the *Markman* proceedings) and ruled the claims invalid for indefiniteness. *Id*. at 9-10. JuxtaComm filed a timely appeal of the *Markman* Order and summary judgment ruling to the Federal Circuit on September 28, 2012.

**B.     The Texas Court Procedures Did Not Afford a Full and Fair Opportunity to Litigate Invalidity of the '662 Patent**

Collateral estoppel may be invoked only if the losing party had "a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time." *Blonder-Tongue Labs., Inc. v. Univ. Ill. Found*., 402 U.S. 313, 333 (1971). To determine whether a party had a full and fair opportunity to litigate an issue, the courts will carefully analyze the procedures utilized in the proceeding given "the important concerns about the complexity of patent litigation and the posited hazard that the prior proceedings were seriously defective." *Id.* Any deficiency in process that denies the losing party the procedural opportunity to present its claims for full consideration falls short for collateral estoppel purposes. *Id.* at 333 (stating that "appropriate inquires" are whether the first invalidity determination employed the proper legal standard, whether the first court failed to "grasp the technical subject matter and issues in suit," and whether the court overlooked "crucial evidence" in the first litigation). "Determining whether a patentee has had a full and fair chance to litigate the validity of his patent in an earlier case is of necessity not a simple matter," *id*. at 333, and "[i]n the end, [the] decision will necessarily rest on the trial courts' sense of justice and equity . . . ." *Id*. at 334.

It would be extremely unfair to apply collateral estoppel based on the Texas Court's invalidity ruling because JuxtaComm did not have a full and fair opportunity procedurally,

substantively, and evidentially to defend against the invalidity arguments.  First, JuxtaComm was not afforded a full and fair opportunity to litigate the issue of invalidity because the Texas Court's consideration of the indefiniteness issue was procedurally imbalanced in favor of the Texas Defendants. Procedurally, the Texas Court was required to treat the claim construction and indefiniteness issues *together* because an indefiniteness determination is a conclusion "that is drawn from the court's performance of its duty as the construer of patent claims[.]" *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001); *Praxair, Inc. v. ATMI, Inc.,* 543 F.3d 1306, 1319 (Fed. Cir. 2008) ("Indefiniteness is a matter of claim construction").   However, the Texas Court conducted its indefiniteness inquiry only after concluding the *Markman* proceedings and issuing its *Markman* order.   Significantly, that procedural error was brought about by the Texas defendants' own delay.  They never raised the issue of indefiniteness during the *Markman* proceedings, in violation of the scheduling order. Nonetheless, after persuading the Texas Court to adopt their proposed construction, the Texas Defendants successfully sought to invalidate the claims for indefiniteness based on that flawed claim construction.  Although the Texas Court could have—indeed, should have—revisited its erroneous claim construction when deciding the motion for summary judgment, it never did.

Second, JuxtaComm was not afforded a full and fair opportunity to litigate the issue of invalidity because the Texas Court's applied an improper legal standard and failed to grasp the technical disclosure of the patent.   Substantively, the claim construction and indefiniteness determinations required the Texas Court to examine the patent and determine what the inventors regard as their invention.  *Phillips v. AWH Corp.,* 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc) (citing *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998)) (stating that a proper construction "can only be determined and confirmed with a full

understanding of what the inventors actually invented and intended to envelop with the claim."). But the Texas Court misunderstood the technical disclosure of the patent, and only realized on summary judgment that the claims parallel the specification's disclosure that the systems interface is used for creating the scripts that control data transformation. *JuxtaComm Texas*, Dkt. No. 1079 at 8-12.  Unfortunately, this conclusion directly contradicted the Texas Court's earlier *Markman* ruling that the systems interface actually performed the data transformation.  *See id.*, Dkt. No. 1005 at 11.  Had the district court addressed the issues of claim construction and indefiniteness at the same time, it would necessarily have arrived at a different result.

Finally, JuxtaComm did not have a full and fair opportunity to present its arguments before the Texas Court because the Court refused to consider "crucial evidence" to the invalidity determination. Specifically, the Texas Court refused to consider JuxtaComm's expert testimony in opposing the motion for summary judgment of indefiniteness.  JuxtaComm submitted an expert declaration explaining that the Texas Court's interpretation of the claim language was inconsistent with a proper technical reading of the specification.  *Id.*, Dkt. No. 1058 at Ex. D. However, the Texas Court's invalidity ruling flatly ignored this evidence.  *See Blonder-Tongue*, 402 U.S. at 333 (a court should consider "whether without fault of his own the [party] was deprived of crucial evidence or witnesses in the first litigation" in deciding whether collateral estoppel applies).

The numerous defects in the Texas Court proceedings deprived JuxtaComm of a full and fair opportunity procedurally, substantively, and evidentially to defend against the invalidity arguments, and those defects preclude the application of collateral estoppel in this case.

### C.      The Equities Weigh Against the Application of Collateral Estoppel

As the Supreme Court recognized, the application of collateral estoppel in a patent case is an equitable determination that "necessarily rest[s] on the trial courts' sense of justice and equity."  *Blonder-Tongue*, 402 U.S. at 334; *see also PenneCom B.V. v. Merrill Lynch & Co*., 372 F.3d 488, 493 (2d Cir. 2004) (Collateral estoppel is "an equitable doctrine—not a matter of absolute right."); *Doyle Nations v. Sun Oil Co*., 705 F.2d 742, 744 (5th Cir. 1983) ("Collateral estoppel is an equitable doctrine").   The discretion vested in trial courts to determine when collateral estoppel should apply is broad.  *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979).  Here, the equities strongly favor lifting the stay and allowing the parties to proceed with discovery and trial.

### 1.      There is Substantial Risk That The Texas Court's Judgment Will Be Reversed On Appeal

The very reason not to accord collateral estoppel to the Texas Court's judgment during the pendency of the appeal is the risk that the judgment will be reversed or vacated.  *See Martin v. Malhoyt*, 830 F.2d 237, 264 (D.C. Cir. 1987) ("According preclusive effect to a judgment from which an appeal has been taken . . . risks [granting] relief on the basis of a judgment that is subsequently overturned.").  Consequently, "care should be taken in dealing with judgments that are final, but still subject to direct review." *Id.*   There are many cases suggesting caution in applying preclusion in such situations. *See, e.g*., *Duverney v. State*, 410 N.Y.S.2d 237, 246 (N.Y. Ct. Cl. 1978) (noting that "the full and fairness opportunity doctrine . . . mandates consideration of the existence of an appeal"); *In re Estate of Alexis*, 823 N.Y.S.2d 886, 889-90 (N.Y. Sup. Ct. 2006) ("In determining whether collateral estoppel should apply, it has been recognized that consideration should be given to the existence of an appeal.").

Lanier argues that the pendency of the Federal Circuit appeal is "immaterial" to this Court's determination on collateral estoppel (Mot. 7).  But Lanier relies on cases where there was no risk of reversal of the judgment that would form the basis of any collateral estoppel.  *See, e.g., Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994).  In *Mendenhall*, the collateral estoppel arose upon a district court's judgment that had *already been affirmed* by the Federal Circuit and review had already been denied by the Supreme Court.  *Id.*  Thus, the Federal Circuit "no longer [faced] the situation of applying collateral estoppel based on a judgment that might be reversed," *id.* at 1578 n.5, and left the Federal Circuit's decision to apply preclusive effect "uncomplicated . . . ." *Id.* (citing *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299 (1917)).

Here, the pendency of the Federal Circuit appeal counsels strongly against applying collateral estoppel because there is a significant risk that the Texas Court's judgment will be overturned.  The Federal Circuit reverses or vacates nearly one third of judgments entered in patent cases based on an erroneous claim construction.[2]  Here, the risk of reversal is even greater given the serious procedural and substantive defects that occurred during the Texas Court's invalidity proceedings (*i.e.*, failure to jointly rule on claim construction and indefiniteness, application of an erroneous claim construction standard, misinterpretation of the patent's disclosure, and failure to consider expert testimony).  Consequently, the risk of reversal weighs heavily in favor of lifting the stay and allowing JuxtaComm to have its long awaited day in court.

### 2.    There Are Conflicting Prior Judgments of Patent Validity

The Texas Court's judgment conflicts with two separate adjudications of patent validity

---

[2] David L. Schwartz, *Practice Makes Perfect? An Empirical Study of Claim Construction Reversal Rates in Patent Cases*, 107 Mich. L. Rev. 223, 234 (2008).

before the United States Patent and Trademark Office.  The '662 patent survived two separate invalidity challenges brought through *ex parte* reexamination proceedings.  With respect to the first reexamination, the Examiner confirmed the validity of every claim containing the language at issue.  With respect to the second reexamination, after extensive proceedings before the Examiner and the Board of Patent Appeals and Interferences that lasted almost three years, the Patent Office once again confirmed the validity of the disputed patent claims over the prior art.

The existence of inconsistent prior judgments is perhaps the "single most easily identified factor that suggests strongly that neither should be given preclusive effect." 18A Wright & Miller § 4465.2, at 764 (2d ed. 2002); Rest. 2d Judgments § 29(4).  Conflicting invalidity decisions "should not lead the third court to reflexively enter judgment of invalidity." *Hynix Semiconductor, Inc. v. Rambus Inc*., No. C-00-20905 RMW, 2009 WL 292205, slip op. at *2 (N.D. Cal. Feb. 3, 2009) (citing S*tevenson v. Sears, Roebuck & Co*., 713 F.2d 705, 710 (Fed. Cir. 1983)).  On the contrary, such inconsistent outcomes form a "red flag warning" to the trial court to be especially careful when applying the doctrine of collateral estoppel.  *Hynix,* 2009 WL 292205, slip op. at *2.  Here, the existence of *two* conflicting decisions by the Patent Office confirming validity of the '662 patent raises a "red flag" and counsels strongly against the application of issue preclusion.  *See id.* at *2-3 (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 330 (1979)).

## III.    THE FUTILITY OF LANIER'S AMENDMENT PROHIBITS JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT AS A MATTER OF LAW

Lanier cannot meet its burden to establish the elements of collateral estoppel to bar assertion of the '662 patent and, therefore, the proposed defense, as well as Lanier's request for judgment on the pleadings, or in the alternative summary judgment, fail as a matter of law. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (A trial court is permitted to deny

leave to amend a pleading if the proposed amendment would be futile).    Accordingly, Lanier's Motion to Amend should be denied.

**IV.     CONCLUSION**

In conclusion, because JuxtaComm was not afforded a full and fair opportunity to litigate the issue of validity in the Texas Court, Lanier's motion to amend its answer and for judgment on the pleadings, or in the alternative, summary judgment should be denied.  Further, because the sole reason for the 2011 stay has been eliminated, JuxtaComm respectfully requests that the Court lift the stay, reinstate the case and immediately set a pretrial scheduling conference and trial setting.

Dated:   March 19, 2013                    Respectfully submitted,

                                            _/s/ Anthony T. Pierce
                                            Anthony T. Pierce (VA Bar No. 27862)
                                            AKIN GUMP STRAUSS HAUER & FELD LLP
                                            1333 New Hampshire Avenue, NW
                                            Washington, DC 20036
                                            Telephone: (202) 887-4000
                                            Facsimile: (202) 887-4288
                                            E-mail:  apierce@akingump.com

                                            R. LAURENCE MACON (*pro hac vice*)
                                            Texas Bar. No 12787500
                                            lmacon@akingump.com
                                            KIRT S. O'NEILL (*pro hac vice*)
                                            Texas Bar No. 00788147
                                            koneill@akingump.com
                                            MELANIE G. COWART (*pro hac vice*)
                                            Texas Bar No. 04920100
                                            mcowart@akingump.com
                                            300 Convent Street, Suite 1600
                                            San Antonio, Texas 78205-3732
                                            Telephone: (210) 281-7000
                                            Fax: (210) 224-2035

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **JUXTACOMM-TEXAS SOFTWARE, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of PLAINTIFF'S OPPOSITION TO DEFENDANT LANIER PARKING SYSTEMS OF VIRGINIA, INC.'S MOTION TO LIFT STAY FOR LIMITED PURPOSE OF GRANTING LEAVE TO FILE AMENDED ANSWER AND ENTERING A JUDGMENT BASED ON COLLATERAL ESTOPPEL was filed electronically with the U.S. District Court for the Eastern District of Virginia, on March 19, 2013, and that all counsel of record registered to receive electronic service, were served via the Court's electronic mail notification system.  And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

David Blaine Sanders
Robinson Bradshaw & Hinson PA
101 N Tryon St
Suite 1900
Charlotte, NC 28246
Frank Garrett Smith, III Alston & Bird LLP
One Atlantic Ctr
1201 W Peachtree St
Atlanta, GA 30309-3424

Frank Garrett Smith, III
Alston & Bird LLP
One Atlantic Ctr
1201 W Peachtree St
Atlanta, GA 30309-3424

        _/s/ Anthony T. Pierce
          Anthony T. Pierce