IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| JUXTACOMM-TEXAS SOFTWARE, LLC,. | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 3:11cv299 JRS |
| LANIER PARKING SYSTEMS OF VIRGINIA, INC., a Georgia Corporation; HINES RIVERFRONT PLAZA, LP, a Delaware Limited Partnership; FIRST STATES INVESTORS 3500 LLC, a Delaware Limited Liability Company; JAMES CENTER PROPERTY LLC, a Delaware Limited Liability Company; DOMINION TOWER FINANCIAL ASSOCIATES, LLC, a Delaware Limited Liability Company; DIRECT INVEST - 500 EAST MAIN LLC, a Delaware Limited Liability Company; and FIRST TOWER ASSOCIATES LP, a Virginia Limited Partnership, | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**UNOPPOSED MOTION TO DISMISS COUNTERCLAIM FOR DECLARATORY RELIEF REGARDING UNENFORCEABILITY WITHOUT PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(2), Defendant and Counterclaim-Plaintiff Hines Riverfront Plaza, LP ("Hines") moves the Court to dismiss its counterclaim for declaratory relief regarding unenforceability without prejudice, based on the following:

1. On May 6, 2011, JuxtaComm-Texas Software, LLC ("JuxtaComm") filed a Complaint seeking declaratory, injunctive, and other relief against Hines based on its claim that Hines infringes one or more claims of U.S. Patent No. 6,195,662 ("the '662 Patent").

2. On July 5, 2011, Hines filed its Answer to the Complaint seeking declaratory, injunctive, and other relief against JuxtaComm based on Hines' counterclaims

that (i) it does not infringe the '662 Patent, (ii) the '662 patent is invalid, and (iii) the '662 Patent is unenforceable.

3. Immediately after Hines filed its Answer, the Court stayed this case pending the resolution of the advanced-stage reexamination proceedings on the '662 Patent, which began six (6) months before JuxtaComm filed its Complaint and concluded on January 31, 2013.

4. The present action is one of three parallel JuxtaComm suits claiming infringement of the '662 Patent, the others being *JuxtaComm-Texas Software, LLC v. Axway, Inc. et al.*, 6:10-cv-011 (E.D. Tex.) and *JuxtaComm-Texas Software, LLC v. Lanier Parking Systems of Florida, Inc. et al.*, 6:11-cv-514 (M.D. Fla.). Like the present case, the Florida case was stayed pending the resolution of the reexamination proceedings on the '662 Patent. But because the earlier-filed Texas suit was significantly advanced at the time those reexamination proceedings began, that suit proceeded during the stays of the present case and the Florida case.

5. On July 5, 2012, the United States District Court for the Eastern District of Texas granted a motion for summary judgment against JuxtaComm, holding each of the independent claims of the '662 Patent invalid for indefiniteness. (6:10-cv-011, D.E. 1085).

6. On March 8, 2013, Hines filed a motion for an order lifting the stay in this case for the limited purpose of (i) granting Hines leave to file its First Amended Answer, and (ii) entering judgment on the pleadings or, in the alternative, summary judgment, based on Hines' Tenth Affirmative Defense of Collateral Estoppel.

7. On April 16, 2013, this Court issued an Order granting Hines' motion to lift the stay in this case and to file its First Amended Complaint, which Hines filed the following day. Hines' First Amended Answer added the Tenth Affirmative Defense of Collateral Estoppel based on the judgment entered against JuxtaComm in the United States District Court for the Eastern District of Texas.

8. On May 6, 2013, this Court issued an Order granting Hines' motion for judgment on the pleadings regarding Collateral Estoppel and dismissing JuxtaComm's Complaint against Hines.

9. Because the '662 Patent is invalid, the only remaining claim in this case that involves Hines is Hines' counterclaim that the '662 Patent is unenforceable.

10. Hines does not believe that it is necessary to further expend party or judicial resources on a counterclaim of unenforceability against an invalid patent.

11. Counsel for JuxtaComm has indicated that JuxtaComm does not oppose this request.

Accordingly, Hines respectfully moves the Court to dismiss its counterclaim of unenforceability without prejudice.

Dated:  May 8, 2013                                              HINES RIVERFRONT PLAZA, LP

/s/ Thomas Chisman Martin
Thomas Chisman Martin
Virginia State Bar No. 75159
tommy.martin@bakerbotts.com
Mark Whitaker
mark.whitaker@bakerbotts.com
Michael Barta
Virginia State Bar No. 30706
michael.barta@bakerbotts.com
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202.639.7752
Facsimile: 202.585.4093


Paul Morico
paul.morico@bakerbotts.com
Ali Dhanani
ali.dhanani@bakerbotts.com
BAKER BOTTS L.L.P
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002

**ATTORNEYS FOR HINES RIVERFRONT PLAZA, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2013, a copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will serve notification of such filing to all counsel of record.

/s/ Thomas Chisman Martin
Thomas Chisman Martin
Virginia State Bar No. 75159
tommy.martin@bakerbotts.com
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202.639.7752
Facsimile: 202.585.4093

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| JUXTACOMM-TEXAS SOFTWARE, LLC,. | § § | |
| Plaintiff, | § § | |
| v. | § § § | C.A. No. 3:11cv299 JRS |
| LANIER PARKING SYSTEMS OF VIRGINIA, INC., a Georgia Corporation; HINES RIVERFRONT PLAZA, LP, a Delaware Limited Partnership; FIRST STATES INVESTORS 3500 LLC, a Delaware Limited Liability Company; JAMES CENTER PROPERTY LLC, a Delaware Limited Liability Company; DOMINION TOWER FINANCIAL ASSOCIATES, LLC, a Delaware Limited Liability Company; DIRECT INVEST - 500 EAST MAIN LLC, a Delaware Limited Liability Company; and FIRST TOWER ASSOCIATES LP, a Virginia Limited Partnership, | § § § § § § § § § § § § § § | |
| Defendants. | § | |

**[PROPOSED] ORDER**

THIS MATTER is before the Court on the Unopposed Motion to Dismiss Counterclaim for Declaratory Relief Regarding Unenforceability Without Prejudice filed by Defendant and Counterclaim-Plaintiff Hines Riverfront Plaza, LP ("Hines").  Upon due consideration, the Motion is GRANTED.  It is hereby ORDERED that Hines' counterclaim of unenforceability against JuxtaComm-Texas Software, LLC is DISMISSED and this case is CLOSED.

It is so ORDERED.

Dated: _____

_____
The Honorable James R. Spencer
United States District Judge